NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

25-P-621

COMMONWEALTH

vs.

LAQWON BROOKS.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

After a December 2023 trial by jury in the Superior Court, the defendant was convicted of possession of a firearm without a firearms identification (FID) card and possession of ammunition without an FID card.  The defendant appeals, arguing that the Commonwealth's evidence was insufficient to prove that the defendant did not have a firearm license.  The Commonwealth now concedes that the evidence at trial was insufficient to sustain the defendant's convictions.  Based on the clear Supreme Judicial Court case law, see Commonwealth v. Smith, 496 Mass. 304, 315-318 (2025), we agree that there was insufficient evidence to sustain the defendant's convictions.  We accordingly

reverse the judgments, set aside the verdicts, and remand for entry of judgments in favor of the defendant.

To convict the defendant of the firearm and ammunition charges, the Commonwealth was required to establish that the defendant did not have a license to carry or an FID card. See Commonwealth v. Guardado, 491 Mass. 666, 690-693 (2023), S.C., 493 Mass. 1 (2023), cert. denied, 144 S. Ct. 2683 (2024). As to this element, the Commonwealth relied on the testimony of Phil Dowd, an employee of the Department of Criminal Justice Information Services, whose role is to "run queries [of the firearms licensing database] . . . and testify in firearms trials throughout the state." Dowd testified that he ran a search of the firearms licensing database using a name pronounced as "Laqwon Brooks" and a birth date of March 3, 1990 -- this search, as testified to by Dowd, did not produce any licensing records. Dowd, however, did not testify as to how he spelled the name he searched. Moreover, the Commonwealth did not adduce evidence that established that the defendant's birthdate was March 3, 1990.

At trial, the defendant moved for a required finding of not guilty after the Commonwealth rested its case. The judge denied the motion. The jury found the defendant guilty of the firearm possession charges, as described above. Prior to the trial on the sentencing enhancements, the defendant filed a renewed

2

motion for a required finding of not guilty, arguing that the Commonwealth failed to introduce sufficient evidence of the defendant's lack of licensure.  The judge denied the defendant's motion, and thereafter, the defendant pleaded guilty to the armed career criminal sentencing enhancements that correlated with his convictions.  The parties agreed to a sentencing recommendation of from three to four years in State prison, which the judge adopted.  The defendant filed a timely notice of appeal.

On appeal, the Commonwealth submitted a letter to this court on October 9, 2025, which stated the following:

"After reviewing the defendant's brief, the transcript of the trial underlying the above-referenced case and the exhibits admitted at trial, the Commonwealth is constrained to concede that the evidence at trial was insufficient to sustain the defendant's convictions of possession of a firearm without a firearms identification card and possession of ammunition without a firearms identification card.  Accordingly, the Commonwealth agrees that the defendant's convictions must be vacated and the charges against him dismissed."

We agree with the defendant and the Commonwealth that there was insufficient evidence to sustain the defendant's convictions.  The Supreme Judicial Court's recent decision in Smith, 496 Mass. at 304, which examined the same evidentiary issues that are at issue here, is directly on point.  In Smith, Phil Dowd, the same witness as in the case before us, testified that he ran a licensing search using a name pronounced as

3

"Quentin Smith," and a birth date of June 23, 2002. Id. at 307, 316. The Commonwealth, however, failed to produce any evidence that June 23, 2002, was, in fact, the defendant's birth date. Id. at 316-317. Based on this omission, the court concluded that the evidence was insufficient to prove the defendant's lack of licensure. Id. at 318. The court reasoned that, because the "probative value of Dowd's testimony . . . depended on the birth date used to search the database," the absence of any substantive evidence of the defendant's birth date made the probative value of Dowd's testimony "vanishingly slight" (quotation and citation omitted). Id. at 317. The court based its decision on the observation that "even if a person does have a firearm license, a search for that person's name will return no result if the person's birth date is entered incorrectly." Id.

As noted above, here the Commonwealth failed to produce any evidence proving that the defendant's birth date was March 3, 1990. As in Smith, without this evidence Dowd's testimony that his search failed to produce a firearm license lacked probative value as to whether the defendant was licensed. See Smith, 496 Mass. at 317.

As Smith indicates, the lack of evidence regarding the spelling of the name inputted into the firearm database also raises issues regarding the sufficiency of the Commonwealth's

4

evidence.  The probative value of Dowd's testimony here depends, in part, on whether Dowd spelled the defendant's name correctly in his search of the database, especially given the various ways the defendant's name could be spelled.  See <u>Smith</u>, 496 Mass. at 307, 317.  Here, there was no evidence of how Dowd spelled the defendant's name when he conducted his search of the database.

The judgments are reversed, and we set aside the verdicts and remand for entry of judgments in favor of the defendant.

<u>So ordered</u>.

By the Court (Ditkoff, Englander & D'Angelo, JJ.[1]),

Clerk

Entered:  October 31, 2025.

---

[1] The panelists are listed in order of seniority.